IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES RAY WILEY,

        Plaintiff,                      No. CIV S-04-1922 MCE KJM P

    vs.

CHERYL PLILER, et al.,

        Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He alleges that while the institution was on lockdown, he could not purchase toothpaste from the canteen and was not given toothpowder by the defendants for approximately fifty days. As a result, his gums became infected and three teeth were extracted. Complaint (Compl.) at 4-5 & Ex. B (Decl. of Corey McKay)[1] ¶¶ 5, 10. Defendants have filed a motion to dismiss for failure to state a claim.

I. Standards For A Motion To Dismiss, Fed. R. Civ. P. 12(b)(6)

        In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

---

[1] The McKay declarations attached to the complaint were prepared with respect to a state court habeas petition filed by petitioner.

(1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

II. Defendant Pliler

Defendant Pliler, the warden of California State Prison-Sacramento, argues that the complaint does not state a claim against her because she did not personally deny oral hygiene items to plaintiff and because prison regulations require the provision of hygiene items to those who cannot afford them. She also argues that she is not liable because regulations require the provision of hygiene items to inmates who cannot obtain them. Motion To Dismiss (MTD) at 4.

The exhibits to plaintiff's complaint, which this court can consider on a motion to dismiss, tell a different story. Schneider v. California Department of Corrections, 151 F.3d 1194, 1197 (9th Cir. 1998) (generally "the face of the plaintiffs' complaint . . . and the exhibits atttached thereto . . . would control the 12(b)(6) inquiry"). Exhibit C is a supplemental declaration from Corey McKay, the litigation coordinator at CSP–S. McKay concedes that:

> [p]reviously, non-indigent inmates such as Wiley were not provided toothpowder on lockdown. There are several reasons for this. First, it is very rare for an inmate to go more than thirty days without the ability to purchase items at the canteen even when they are on lockdown. Further, non-indigent inmates were not entitled to the toothpowder as they were expected to purchase toothpaste rather than burden taxpayers with the cost of giving working prisoners, who have the ability to purchase toothpaste, free toothpowder. Therefore, it is extremely rare situation [sic] for an inmate to have access to neither toothpaste or toothpowder.

/////

/////

      [] However, the institution now agrees that in the event a lockdown would prevent a non-indigent inmate from purchasing toothpaste for more than thirty days, the institution will provide that inmate with toothpowder upon his request.

Compl., Ex. C ¶¶ 5-6.  Accordingly, construing the complaint and the exhibits in the light most favorable to plaintiff as required, it appears he may be able to show that defendant Pliler condoned and acquiesced in a policy that effectively prevented plaintiff from obtaining necessary hygiene items, a sufficient basis for § 1983 liability.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

III.  Defendants Naramore And Wooten III

      Plaintiff alleges both Naramore and Wooten III refused his request for toothpowder.  Compl. at 2-3.  Defendants appear to argue that a forty-seven-day deprivation of toothpaste does not establish an Eighth Amendment violation in the absence of a claim of injury.  They further argue that plaintiff has not connected his claim of gum infection and tooth extraction to the denial of toothpowder.  MTD at 5.

      The court need not read the complaint liberally to determine that plaintiff has adequately pleaded an Eighth Amendment violation.  In Penrod v. Zavaras, 94 F.3d 1399, 1405-06 (10th Cir. 1996), the Court of Appeal found that a sixty-nine-day deprivation of toothpaste, which, plaintiff averred, caused his gums to bleed and recede and lead to tooth decay, stated a claim under the civil rights act.  Plaintiff's similar claims are sufficient.

/////
/////
/////
//////
/////
/////
/////

1    IT IS HEREBY RECOMMENDED that defendants' motion to dismiss be denied.

2    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 16, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2
wile1922.57